IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WARREN DOUGLAS VANN, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 02-CR-85-JHP |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent. | ) | |

## OPINION AND ORDER

Before the Court is Defendant/Petitioner Warren Douglas Vann's ("Defendant") "Pro Se Motion for Prosecutorial Relief Pursuant to the Holloway Doctrine (Dkt.# 97). Defendant argues his sentence is excessive and asks the Court to reduce his sentence in the interests of justice and fairness. The Government opposes Defendant's motion. (Dkt.# 100). For the reasons stated below, Defendant's Motion is **DENIED**.

### BACKGROUND

An Eastern District of Oklahoma grand jury charged Defendant with: Count One-Murder in the First Degree in Indian Country, in violation of 18 U.S.C. §1111(a), 1151 and 1153; Count Two - Use of a Firearm in the Commission of a Violent Crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(iii) and 18 U.S.C. § 924(j); Count Three - Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a(2); and Count Four - Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).

The charges arose when Defendant walked into a home in the Cherry Tree community of Stilwell and, with premeditation and malice aforethought, shot a man multiple times with a rifle. At trial, various witnesses identified Defendant as the assailant, including: the victim's son who witnessed the shooting; a neighbor who was able to describe Defendant and the car he was

1

driving; and several juveniles who lived in the area and had seen Defendant earlier in the day in a wooded area near Cherry Tree carrying a rifle and subsequent to the shooting still in possession of the firearm. Defendant's own mother and sister described to law enforcement officers incriminating statements Defendant made to them regarding the shooting. Additionally, Defendant's nephew testified that prior to the shooting, he had given his uncle ten rounds of .22 caliber ammunition. Following the multi-day trial, the jury convicted Defendant on all counts.

Using the 2002 edition of the United States Sentencing Guidelines ("U.S.S.G."), the United States Probation Office calculated Defendant's advisory Guideline range in preparation for sentencing. Defendant was determined to have a criminal history score of four, resulting in a Category III criminal history. With an offense level 45 and a Category III, Defendant's advisory range is life imprisonment. Moreover, because Defendant actually discharged the firearm, he was subject to a mandatory minimum consecutive sentence of 10 years on Count Two, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii).

This Court sentenced Defendant "to life imprisonment on Count I, life imprisonment on Count II (to be served consecutively with Counts I, III, and IV), 120 months on Count III, and 120 months on Count IV (to be served concurrently with Counts I and III)." *United States v. Vann,* 123 Fed.Appx. 898, 899 (10th Cir. 2005). Defendant appealed, but the Tenth Circuit dismissed the case following the filing of an Anders brief. *Id.*

Defendant did not file a 28 U.S.C. § 2255 motion within a year of his sentence becoming final. On December 27, 2016, Defendant filed the instant motion seeking a reduction on the basis of the "Holloway Doctrine," pursuant to *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). (Dkt.# 97). On July 28, 2017, Defendant filed a 28 U.S.C. §2255 motion

alleging various instances of ineffective counsel and challenging whether the location of the murder was actually Indian Country. (Dkt.# 98).

## DISCUSSION

Defendant seeks to reduce his sentence under what he calls the "Holloway Doctrine," which takes its name from a case filed in the Eastern District of New York, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted).

In *Holloway*, the district court permitted a sentence reduction in the "spirit of fairness," using the authority of Federal Rule of Civil Procedure 60(b) to revisit the defendant's excessive sentence. 68 F. Supp. 3d at 311, 314. The defendant in *Holloway* stole three cars at gunpoint over the course of two days. *Id.* at 312. Each carjacking was charged as a separate count, accompanied by three separate charges for crimes of violence under 18 U.S.C. § 924(c) for use of a gun during each carjacking. *Id.* Holloway went to trial and was convicted on all counts. *Id.* Under the then-mandatory Sentencing Guidelines, he was sentenced to 151 months in prison for the carjacking counts. *Id.* He was also sentenced to mandatory consecutive sentences on the three § 924(c) counts: 5 years for the first conviction and 20 years each for the other two convictions. *Id.* The § 924(c) sentences were required by statute to run consecutively to each other and to the carjacking sentence, which resulted in a total sentence of 691 months, or 57 years and 7 months. *Id.* at 312-313. Both the Second Circuit and the United States Supreme Court affirmed the convictions and sentence. *Id.* at 313. The district court denied Holloway's § 2255 petition, and the Second Circuit declined to issue a certificate of appealability. *Id.* The

Second Circuit also denied Holloway's request to file a successive § 2255 petition. *Id.* at 313-14.

After serving approximately twenty years of his sentence, Holloway filed a motion to reopen his § 2255 proceeding under Rule 60(b) of the Federal Rules of Civil Procedure, based on the unduly harsh sentence produced from the mandatory "stacking" of the § 924(c) counts. *Id.* at 314. District Judge John Gleeson, the sentencing judge, thereafter asked the United States Attorney to "consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions" so he could face a more just resentencing. *Id.* After initially declining Judge Gleeson's request, the United States Attorney ultimately agreed to withdraw her objection to Holloway's Rule 60(b) motion and agreed to the vacating of two of Holloway's § 924(c) convictions, so that Judge Gleeson could resentence Holloway based on the remaining convictions. *Id.* at 314-16.

The prosecutor's decision was based on her office's view "that this is both a unique case and a unique defendant in many ways." *Id.* at 315. The prosecutor believed this case was unique, partly because of Holloway's exemplary prison record—Holloway had only a few minor infractions, and he had taken advantage of educational and other opportunities in prison. *Id.* The prosecutor also indicated the victims of Holloway's crimes supported Holloway's release, which made Holloway's case unique. *Id.* The Assistant United States Attorney took care to emphasize the unique nature of Holloway's case: "I want to be clear on this point—that the United States Attorney's position in this case shouldn't be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases." *Id.* The Court then vacated two of Holloway's three § 924(c) counts. *Id.*

In this case, Defendant now relies on the Holloway Doctrine in requesting his conviction be vacated and his sentence be reduced to be more fair and just. No Circuit Court has yet

4

addressed *Holloway*. Nor has there been a consistent application of *Holloway* among the district courts that have considered the case: *See, e.g., Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (finding "no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases"); *United States v. Horton*, 2016 U.S. Dist. LEXIS 78611, at *3 (E.D.N.C. June 16, 2016) (viewing the Holloway Doctrine as not so much a doctrine, but as "a single case carrying no precedential weight in this court."). *But see United States v. Ezell*, 2015 U.S. Dist. LEXIS 109814, at *39 (E.D. Pa. Aug. 18, 2015) (encouraging the prosecutor to request a reduction of the defendant's sentence as in *Holloway*); *United States v. Trader*, 2015 WL 4941820, at *16 (E.D. Pa. Aug. 19, 2015) (requesting the prosecutor to consider withdrawing an Information so the court may impose a sentence that "better serves the interests of justice"); *United States v. Egipciaco*, 2016 U.S. Dist. LEXIS 5458, at * (S.D.N.Y. Jan. 15, 2016) (same).

This district has been presented with *Holloway* claims, with different results. In *United States v. Hutching*, Judge Frank Seay dismissed the defendant's request for resentencing under *Holloway* for lack of jurisdiction. *See* Doc. No. 944 in Case No. 92-CR-32-FHS (Order dated May 5, 2016). By contrast, in *United States v. Rivera*, Judge Seay granted the immediate release of a defendant with no objection from the Government. *See* Case Nos. 83-CR-96-01-FHS and 83-CR-138-FHS-02 (Order dated Sept. 15, 2015). The defendant in *Rivera* had been convicted in 1985 of conspiracy and various drug distribution counts for his role in a cocaine smuggling operation. He ultimately received consecutive sentences totaling 80 years on eight counts, and he was sentenced to life on a rarely-used Continuing Criminal Enterprise count. Rivera was sentenced at a time when the Guidelines were mandatory, and at a time when the drug sentencing Guidelines reflected much longer sentences than in more recent years. During his 30

years in federal custody, Rivera did not have a single disciplinary action. In 2015, following Rivera's unopposed motion for relief pursuant to *Holloway*, Judge Seay vacated the Continuing Criminal Enterprise count and reduced Rivera's sentence to a total of 30 years, which effectuated Rivera's immediate release from prison. *Id.* Further, this Court has previously denied relief pursuant to the Holloway Doctrine in Case No. 09-CR-060-JHP.

However broadly the Holloway Doctrine might be applied, the Court declines to apply it here for several reasons. First, *Holloway* is a district court decision from another jurisdiction and has no controlling effect on this court. Second, a threshold requirement for its application is that the Government must agree to a reduced sentence. Here, the Government does not agree to a reduction of Defendant's sentence. This Court has no authority to grant what is in essence a plea for mercy, absent the Government's agreement.

Third, the facts here are notably different from those in *Holloway*. Defendant has not identified any aspect of his sentencing that is unduly harsh or unfair, as compared to Holloway's sentence based on mandatory "stacked" § 924(c) counts. Defendant's arguments in favor of a reduced sentence are not unique. Moreover, Defendant's "exemplary" behavior in prison and completion of educational and rehabilitative programs at the Bureau of Prisons, while commendable, do not themselves provide a basis for resentencing. *See United States v. Garcia-Emanuel*, 112 F. App'x 713, 715 (10th Cir. 2004) ("post-sentence rehabilitation is not a factor considered under § 3582(c)(2) for the purpose of modifying a sentence, and therefore, the district court clearly lacked authority to reduce his sentence on that basis.").

Finally, the *Holloway* decision itself does not provide the required statutory basis for resentencing under Tenth Circuit law. *See Smartt*, 129 F.3d at 540. Therefore, this Court lacks

the jurisdiction to modify Defendant's sentence. Even if the Court had jurisdiction, the facts here are not analogous enough to those in *Holloway* to warrant similar relief.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Prosecutorial Relief Pursuant to the Holloway Doctrine (Dkt.# 97) is **DENIED**.

IT IS SO ORDERED this 14th day of September, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma